UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| GREGORY RYAN WEBB, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) NO. 2:23-cv-00012 |
| LEWANA CASTILLO WEBB, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Gregory Ryan Webb, an inmate at the Cumberland County Sheriff's Department, has filed seven pro se civil rights cases under 42 U.S.C. § 1983 in this Court since March 2023. These cases overlap in substance, but to keep things clear, the Court will address each case by separate Order.[1] In this case, Plaintiff has filed an Amended Complaint (originally docketed as a "Supplement")[2] (Doc. No. 4), an application to proceed as a pauper (Doc. No. 5), and several miscellaneous motions. (Doc. Nos. 2, 6–8, 10). The Amended Complaint is before the Court for initial review. And as explained below, this case will be dismissed for failure to state a claim.

**I.      Application to Proceed as a Pauper**

An inmate may bring a civil suit in federal court without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears that Plaintiff cannot pay the full filing fee, his application to proceed as a pauper (Doc. No. 5) is **GRANTED**, and he is **ASSESSED** the $350.00 filing fee as follows:

The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of—(A) the average monthly deposits to

---

[1] Plaintiff also filed a habeas corpus petition. See Case No. 2:23-cv-00020. That case is subject to a different legal framework than the Section 1983 cases. The habeas case will be addressed by separate Order as well.

[2] The Clerk is **DIRECTED** to change the title of Doc. No. 4 to "Amended Complaint."

[Plaintiff's] account; or (B) the average monthly balance in [Plaintiff's] account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1). After the initial filing fee is fully paid, the trust account officer must withdraw from Plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. These payments must continue until the $350.00 filing fee is paid in full. Id. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Order to the Cumberland County Sheriff's Department to ensure that the custodian of Plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order. All payments made in compliance with this Order must clearly identify Plaintiff's name and the case number as shown on the first page of this Order, and must be mailed to: Clerk, U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

**II.     Initial Review**

The Court will review and dismiss any part of the Amended Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The Court must also hold the pleading "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted).

**A.     Summary of the Amended Complaint**

The Amended Complaint references various state court proceedings involving Plaintiff and Lewana Castillo Webb, his ex-wife and the only Defendant in this case.[3] This includes a criminal

---

[3] The Court will refer to Lewana Webb by her first name to avoid confusion.

case, an order-of-protection case, and a divorce case. The Court will take judicial notice of the publicly available information necessary to put the allegations in context.

Plaintiff faced two counts of domestic assault in Cumberland County Circuit Court.[4] One charge resulted in a nolle prosequi dismissal,[5] and the other led to Plaintiff being convicted and sentenced. Plaintiff's state criminal attorney filed a notice of appeal on March 30, 2023, and that appeal is pending in the Tennessee Court of Criminal Appeals.[6] There are also two recent civil matters in which Lewana was the plaintiff and Gregory Ryan Webb (the plaintiff in this case) was the defendant. One is a divorce case, with the most recent development being that the Tennessee Supreme Court denied Plaintiff's pro se request for discretionary review on May 10, 2023.[7] The other is an order-of-protection case, with the most recent development being that Plaintiff filed a pro se appeal to the Tennessee Court of Appeals on March 14, 2023. That appeal is pending.[8]

Plaintiff alleges that Lewana "manipulated everyone into believing [he] was a domestic abuser when the opposite is true." (Doc. No. 4 at 1). Lewana allegedly conspired with Cumberland

---

[4] The charges were brought in case numbers CC1-2022-CR-130 and CC1-2022-CR-131, respectively. See https://cumberland.tncrtinfo.com/crCaseForm.aspx?id=06B0609D-033A-4A80-B73D-ECABE7C4E9FC; https://cumberland.tncrtinfo.com/crCaseForm.aspx?id=CD4C3B04-C821-4C43-841B-DCAA73BAEAA5 (last visited May 22, 2023).

[5] See https://cumberland.tncrtinfo.com/crCaseForm.aspx?id=CD4C3B04-C821-4C43-841B-DCAA73BAEAA5 (last visited May 22, 2023).

[6] The case number for the appeal is E2023-00464-CCA-R3-CD. See https://pch.tncourts.gov/CaseDetails.aspx?id=86649&Number=True (last visited May 22, 2023).

[7] The Probate and Family Court case number is 2021-PF-8346, the Court of Appeals case number is E2022-01470-COA-R3-CV, and the Supreme Court case number is E2022-01470-SC-R11-CV. Plaintiff sent several pro se filings to the Court of Appeals, and the filings available for viewing through the public database reflect that this was a divorce case. See https://pch.tncourts.gov/CaseDetails.aspx?id=85656&Number=True (last visited May 22, 2023).

[8] The Circuit Court case number is CC1-2022-CV-6875, and the Court of Appeals case number is E2023-00378-COA-R3-CV. See https://pch.tncourts.gov/CaseDetails.aspx?id=86542&Number=True (last visited May 22, 2023). The pro se filings that Plaintiff sent to the Court of Appeals and are available for viewing reflect that Lewana used this case to obtain an order of protection against Plaintiff. See id.

County officials and former romantic partners to deprive Plaintiff of a fair criminal trial, justify an order of protection, and deprive Plaintiff of parental rights to see his son. (Id. at 1–3). In doing so, Lewana allegedly committed perjury, evidence tampering, forgery, and assault against Plaintiff. (Id. at 2–4). Lewana also allegedly "'planted' bogus searches on [Plaintiff's] computer." (Id. at 4).

### B. Legal Standard

To determine if the Amended Complaint states a claim for the purpose of initial review, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations [] as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

### C. Analysis

Plaintiff brings this case under 42 U.S.C. § 1983, which allows an individual to bring a civil claim against a state actor for violating federal law. See Smith v. City of Salem, Ohio, 378 F.3d 566, 576 (6th Cir. 2004). Plaintiff alleges that Lewana committed a wide range of wrongdoing that led to Plaintiff unjustly being convicted of domestic assault, having an order of protection entered against him, and being divorced from Lewana on terms unfavorable to Plaintiff. As explained below, there are several reasons that Plaintiff cannot pursue this case against Lewana.

#### 1. Heck Doctrine

There is a doctrine in federal court, as stated by the United States Supreme Court in Heck v. Humphrey, providing that a plaintiff cannot pursue civil claims that, if successful, would

4

"necessarily imply the invalidity" of a criminal conviction or sentence, "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 587 (1994). This doctrine applies regardless of the relief the plaintiff is seeking, be it monetary damages or equitable relief. Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005). There are four ways to invalidate a conviction under Heck: "(1) reversal on direct appeal; (2) executive expungement; (3) declared invalid by a state tribunal; or (4) called into question by a writ of habeas corpus." Carr v. Louisville-Jefferson Cnty., 37 F.4th 389, 392 (6th Cir. 2022) (citing Heck, 512 U.S. 486–87).

Here, Plaintiff is attempting to use this Section 1983 case to hold Lewana liable for allegedly orchestrating and securing Plaintiff's domestic assault conviction. Success in this case, therefore, would necessarily invalidate his conviction. And his conviction has not been set aside within the meaning of Heck, as public records reflect that Plaintiff's direct appeal in his criminal case is currently pending. Unless and until Plaintiff can demonstrate that his domestic assault conviction has been invalidated through state remedies or a federal writ of habeas corpus, he cannot pursue this case in federal court. Accordingly, this case will be dismissed without prejudice for failure to state a claim. See Sampson v. Garrett, 917 F.3d 880, 882 (6th Cir. 2019) (reflecting that Heck dismissals are without prejudice); Avery v. Byrd, No. 3:20-cv-00872, 2020 WL 6712166, at *1 n.1 (M.D. Tenn. Nov. 16, 2020) ("[T]he Sixth Circuit has stated that a Section 1983 action that is noncognizable under Heck 'would necessarily [be] dismissed for failure to state a claim.'" (quoting Harrison v. Michigan, 722 F.3d 768, 773 (6th Cir. 2013))).

### 2. Insufficient Allegations

Additionally, even if this case were not barred by Heck, Plaintiff has not sufficiently alleged that Lewana acted under color of state law, as required to state a claim under Section 1983. "Section 1983, by its own terms, applies only to those who act 'under color' of state law. Therefore,

5

as a general rule, [Section] 1983 does not reach the conduct of private parties acting in their individual capacities." Weser v. Goodson, 965 F.3d 507, 515 (6th Cir. 2020) (citing Lindsey v. Detroit Entm't, LLC, 484 F.3d 824, 827 (6th Cir. 2007)). A private party may be considered a state actor if she "engaged in a conspiracy or concerted action with other state actors" by "willfully participat[ing] in joint action with state agents." Id. at 516 (quoting Am. Postal Workers Union v. City of Memphis, 361 F.3d 898, 905 (6th Cir. 2004)). )). But Plaintiff's allegations regarding Lewana's participation in a conspiracy with Cumberland County officials are not supported by sufficient facts to be entitled to a presumption of truth. See Moldowan v. City of Warren, 578 F.3d 351, 395 (6th Cir. 2009) ("It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." (quoting Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir. 1987))). So Plaintiff fails to state a claim under Section 1983 regardless of the Heck bar.

### 3. Unavailable Relief

Finally, aside the problems addressed above, several categories of relief requested by Plaintiff are unavailable in this case. Absent other barriers to relief, Plaintiff could pursue a request for monetary damages. (See Doc. No. 4 at 6). But Plaintiff also requests that Lewana face "federal charges" (id.), and "[p]rivate citizens, whether or not they are prisoners, simply cannot compel a criminal investigation or prosecution against another." Martin v. Koljonen, 89 F. App'x 567, 568 (6th Cir. 2004) (collecting cases). Plaintiff also seeks full custody of his son, a particular alimony payment, and reversal of the divorce. (Doc. No. 4 at 6). This Court does not have jurisdiction to award such relief; that is a function of domestic relations law reserved for state courts. See Chevalier v. Est. of Barnhart, 803 F.3d 789, 797 (6th Cir. 2015) (explaining that state courts have exclusive jurisdiction where a plaintiff "seek[s] an issuance or modification or enforcement of a

6

Case 2:23-cv-00012   Document 11   Filed 05/23/23   Page 6 of 7 PageID #: 69

divorce, alimony, or child-custody decree" (citations omitted)). Finally, Plaintiff requests that the Court dismiss the order of protection against him. (Doc. No. 4 at 6). At this time, however, Plaintiff's pro se appeal in the order-of-protection case is pending in the Tennessee Court of Appeals. This Court cannot intervene in those state court proceedings. See Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 79 (2013) (explaining that federal courts should abstain from intervening in "civil enforcement proceedings" that were "initiated to sanction the federal plaintiff, i.e., the party challenging the state action, for some wrongful act" (citation omitted)); Hawkins v. Carter, No. 1:18-cv-00503, 2019 WL 912180, at *3 (D. Me. Feb. 24, 2019), report and recommendation adopted, 2019 WL 1292291 (D. Me. Mar. 20, 2019) (concluding that abstention was appropriate where plaintiff was "the subject of a protection from harassment complaint" in state court because "an action for protection from harassment seeks to sanction a defendant for a 'wrongful act'"). So even if this were a viable case, Plaintiff could not obtain much of the relief he seeks.

### III. Conclusion

For these reasons, this case is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. Plaintiff's miscellaneous motions (Doc. Nos. 2, 6–8, 10) are **DENIED AS MOOT**.

The Court **CERTIFIES** that an appeal in this matter would not be taken in good faith, so Plaintiff will not be granted leave to proceed as a pauper on any appeal. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE